STAHL *v.* DAYTON.

EJECTMENT—SECOND NEW TRIAL—GROUNDS—NATURE OF APPLICATION.

Under 3 Comp. Laws 1897, § 10981, authorizing the court to grant a new trial after the rendition of a second judgment in ejectment, "if satisfied that justice will be thereby promoted," it is not error to refuse to grant a new trial on a

showing that one defendant, claimed to be a material witness, and an attorney on whom defendants relied, were absent at the time of the trial, and on a general affidavit of merits, when the nature of the defense to be interposed is not shown.

Error to Ingham; Wiest, J. Submitted January 29, 1901. Decided February 27, 1901.

Ejectment by Jacob Stahl against George M. Dayton and wife. There was a judgment for plaintiff, and from an order denying a motion for a new trial, defendants bring error. Affirmed.

*Harry E. Hooker* (*R. A. Montgomery*, of counsel), for appellants.

*E. C. Chapin* and *R. C. Ostrander*, for appellee.

MONTGOMERY, C. J. The plaintiff brought an action of ejectment. On the first trial, which occurred on December 11, 1899, the plaintiff recovered. The defendants paid the costs, and took a second trial, which they were entitled to as a matter of right, under section 10981, 3 Comp. Laws 1897. A second trial was had with the same result, and the defendants thereupon made a motion for a new trial based upon the showing that defendant George M. Dayton was unable to be present at the time of the trial; that he was a material witness as well as one of the parties; and also upon the showing that defendants had acted upon the advice of Attorney Loranger, who was at the time of the trial unable to attend because of an engagement in another trial at Bay City. This showing was accompanied by a general affidavit of merits, which did not disclose the nature of the defense. The circuit judge denied the application, assigning as one reason that there was no showing as to the nature of the defense, or in what manner the defense expected to meet the case made by the plaintiff.

The statute, so far as it is material to this question, reads as follows:

"The court, upon subsequent application made within two years after the rendering of the second judgment in

said cause, if satisfied that justice will be thereby promoted, and the rights of the parties more satisfactorily ascertained and established, may vacate the judgment and grant another new trial." 3 Comp. Laws 1897, § 10981.

It is manifest that, under this statute, showing ought to be made such as to convince the judgment of the court that justice will be promoted by a new trial. The circuit judge in this case had the evidence of the plaintiff's case before him. He had no facts which showed that the defendants were able to meet that case, and the sole question is whether it was an abuse of discretion to refuse to grant a new trial upon the showing made.

Under a statute in the precise terms as the section quoted, the supreme court of Illinois held, in an early case, that such an application is addressed to the sound discretion of the court, and its decision thereon cannot be assigned for error. *Riggs* v. *Savage*, 4 Gilman, 130. It is not necessary to go to the length of following this case, nor do we lay down the rule that an abuse of discretion may not be corrected on error; but we are not satisfied that there was in this case any abuse of discretion. It did not appear to the circuit judge that justice would be promoted by a new trial of the case. In the absence of anything in the record to indicate what the nature of the defense which the defendants proposed to interpose may be, how are we able to say that it appears affirmatively that justice would be promoted? We have but the ordinary affidavit of merits, which, under the rules, is sufficient in some cases to justify a continuance of a cause; but in this case the defendant is proceeding under a statute which imposes upon him the burden of showing to the satisfaction of the trial judge that justice will be promoted by vacating a judgment already entered and granting a new trial.

We think that, at the least, the defendant should be required to disclose the nature of the defense, in order that the circuit judge may exercise his judgment in determining whether justice will be promoted by a new trial.

To hold otherwise would be to substitute the judgment of the attorney, who advises that there is a defense to the action, for that of the trial judge; for if the fact be that there is a defense to the action, and this is to be found upon a mere affidavit of merits consisting of the statement that defendant is advised by his attorney that he has a good defense, a new trial could be demanded as a matter of right in any case in which such a general affidavit is filed; for, without reference to the manner in which judgment was obtained, it cannot be gainsaid that, if there is a good defense to the action in which judgment has been obtained for the plaintiff, justice would be promoted by granting a new trial. It would seem clear, therefore, that this pivotal question is one upon which the judgment of the court is to be invoked only upon some showing of the facts which will enable the court to decide the question intelligently.

Judgment affirmed.

MOORE, LONG, and GRANT, JJ., concurred. HOOKER, J., did not sit.